UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

WILLIAM SHREEVE,                                              Case No. 2:15-cv-00499-MC

                Petitioner,                                OPINION AND ORDER

      v.

STEVE FRANKE, Superintendent,
Two Rivers Correctional Institution,

                Respondent.
_____

McShane, Judge:

      Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

alleging prosecutorial misconduct and post-conviction trial court error. Petitioner also seeks to

assert a claim of ineffective assistance of counsel. For the reasons explained below, the petition

is denied.

BACKGROUND

      Defendant was charged with the criminal mistreatment and assault of M, his eight-week-

old child. Defendant lived with M, her mother, Michelle Nelson, and Nelson's two other children

in Klamath County. At trial, Nelson testified that she left M alone with defendant while she

attended to her two older children, and she began to notice marks and bruises on M. Transcript of

1   - OPINION AND ORDER

Trial Proceedings, Jan. 13, 2004 (Tr.) at 128-142. Eventually, M was taken to the hospital and examined. Dr. Calvert was the physician who reviewed M's x-rays. Dr. Calvert testified at trial that M had broken ribs, a linear skull fracture, and a chipped leg bone. Tr. 207-09, 213. He opined that the rib and leg injuries were consistent with a child who had been gripped by the torso and shaken, and that the skull fracture was likely caused by the use of blunt force against a hard surface. Tr. 210-218. Dr. Calvert did not believe the injuries to be accidental and he diagnosed M with "shaken baby syndrome." Tr. 221-25.

Petitioner's defense focused on whether Nelson, rather than petitioner, was responsible for M's injuries. Resp. Ex. 131. Trial counsel also challenged whether M's injuries supported the diagnosis of shaken-baby syndrome, though counsel did not consult or call any outside experts to counter Dr. Calvert's conclusions. Tr. 231-233, 241; Resp. Ex. 131 (affidavit of trial counsel indicating that he reviewed materials provided at a conference and did not consult medical experts).

The jury found petitioner guilty of one count of Assault in the First Degree and three counts of Criminal Mistreatment in the First Degree. They acquitted petitioner of Assault in the Second Degree and a remaining count of criminal mistreatment. Tr. 352-53. At sentencing, the trial court imposed consecutive, upward departure terms for a total of 192 months' imprisonment. Transcript of Sentencing Proceedings, Mar. 16, 2004, at 11-14.

Petitioner directly appealed his conviction and sentence. Resp. Ex. 102. The Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review. Resp. Ex. 105, 107-08. Petitioner also filed a petition for post-conviction relief (PCR) and alleged claims of ineffective assistance of trial counsel based on the failure to obtain and present expert testimony. Resp. Ex. 121 at 11-12.

During the PCR proceedings, petitioner's PCR counsel retained experts to review the medical evidence and render opinions regarding M's injuries and the diagnosis of shaken-baby syndrome. PCR counsel encountered difficulty in obtaining some of M's medical records and the timely assistance of experts, and the PCR court denied counsel's request for a trial continuance to allow experts to review the evidence. Resp. Ex. 125-28; Resp. Ex. 135 at 4-6, 22. Ultimately, the PCR court denied relief and found that trial counsel was reasonable in choosing a trial strategy focused on the source of injury rather than the cause of injury. Resp. Ex. 135 at 32; Resp. Ex. 136.

PCR counsel appealed the denial of the motion for continuance and did not appeal the substance of the PCR court's rulings. Resp. Ex. 137. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp. Ex. 145-46.

On March 26, 2015, petitioner filed the instant petition seeking federal habeas relief under 28 U.S.C. § 2254.

<u>DISCUSSION</u>

In Ground One of his federal pro se petition, petitioner asserts that his "conviction was obtained by unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant." (ECF #2) Respondent argues that this claim is non-exhausted and procedurally defaulted, and petitioner agrees. Pet's Br. at 6, n.1; 28 U.S.C. § 2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Accordingly, federal habeas review of this claim is barred by procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).

In Ground Two of his federal petition, petitioner claims that "there are experts that we could use to help use in our defense" and his PCR attorney "wanted time to allow two (2) experts to help in my case. We just needed this time." (ECF #2) Petitioner's claim seemingly challenges the PCR court's denial of his request for continuance to allow experts to review the medical evidence. Respondent maintains that a claim of PCR court error is not cognizable on federal habeas review. *Cooper v. Neven*, 641 F.3d 322, 331-32 (9th Cir. 2011) (holding that post-conviction court procedures cannot be asserted as a basis for relief in a federal habeas petition).

Petitioner agrees that a procedural decision of a PCR court is not reviewable. However, petitioner argues that the court should construe Ground Two liberally as a claim of ineffective assistance of PCR counsel to excuse the procedural default of a claim for ineffective assistance of trial counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner argues that the ineffectiveness of his PCR counsel prevented him from fully developing his claim that trial counsel was ineffective for failing to present expert testimony. Petitioner maintains that he could have "demonstrated the inadequacy of the state's theories as to 'shaken baby syndrome'" had PCR counsel conducted an effective investigation. Pet. Br. at 8. Petitioner requests an evidentiary hearing to present evidence of PCR counsel's deficiency in presenting expert testimony to the PCR court.

Under *Martinez*, the ineffective assistance of PCR counsel may serve as cause for the procedural default of an ineffective assistance of counsel claim. For the *Martinez* exception to apply, a petitioner must show that post-conviction counsel "was ineffective under the standards of *Strickland v. Washington*" and that the underlying ineffective assistance of counsel claim is "substantial" and "has some merit." *Martinez*, 566 U.S. at 14; *see also Strickland v. Washington*, 466 U.S. 668 (1984) (ineffective assistance of counsel requires a showing of deficient

performance and resulting prejudice); *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016) ("to find a reasonable probability that PCR counsel prejudiced a petitioner by failing to raise a trial-level IAC claim, we must also find a reasonable probability that the trial-level IAC claim would have succeeded had it been raised"). If a petitioner makes these showings, the federal court may find cause to excuse the procedural default of an ineffective assistance of counsel claim and review the claim on the merits. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013); *Martinez*, 566 U.S. at 13-14. The district court may hold an evidentiary hearing to assess whether PCR counsel was ineffective and whether the underlying claim is substantial. *See Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc).

Assuming without deciding that Ground Two can be construed as liberally as petitioner requests, petitioner does not meet the *Martinez* requirements. First, aside from asserting the failure to conduct a "reasonable" investigation, petitioner does not explain how PCR counsel was ineffective or deficient. Pet. Br. at 7-8. As recognized by petitioner, PCR counsel appreciated the importance of expert assistance and retained medical experts to review the medical evidence. Nonetheless, PCR counsel experienced difficulty in obtaining M's x-rays, and the retained experts were unable to review the medical evidence prior to the PCR trial date. The PCR court denied counsel's requests for additional subpoenas and a continuance of trial, and PCR counsel had no additional medical evidence to present in the PCR proceeding. Resp. Ex. 125-28; Resp. Ex. 135 at 23-27, 30. In light of this record, petitioner must specify how PCR counsel's investigation was unreasonable or what actions PCR counsel should have taken.

Second, petitioner fails to explain how he was prejudiced by the ineffective assistance of either PCR or trial counsel. Petitioner contends that both PCR and trial counsel failed to obtain and present expert testimony regarding whether M's injuries were accurately diagnosed as

shaken-baby syndrome. *See* Pet. Br. at 7-8; Resp. Ex. 121 at 11-12. However, as established by

the PCR record, the State's case against petitioner relied primarily on the nature and extent of

M's injuries and on Nelson's testimony identifying petitioner as the only other person who cared

for M. Tr. 292-93, 297-304. As explained by the assistant district attorney who prosecuted

petitioner:

> There was no dispute that the victim was injured. She was injured at different
> times and those injuries included a skull fracture, broken leg, and broken ribs.
>
> The main focus of my case was that these injuries were non-accidental injuries,
> and Mr. Shreeve was the only one with access to the victim who could have
> caused the injuries.
>
> Dr. James Calvert testified that the victim's injuries were intentionally caused,
> and that is what was key to this case. It did not matter whether Dr. Calvert called
> it Shaken Baby Syndrome. The point was that the injuries were intentionally
> caused.
>
> If [trial counsel] had cross-examined Dr. Calvert about the victim's injuries not
> being consistent with the triad of Shaken Baby Syndrome injuries, I probably
> would have asked Dr. Calvert on re-direct, "Regardless of what you want to call
> it, are the injuries consistent with accidental trauma or intentional trauma?"

Resp. Ex. 132.

Significantly, petitioner did not dispute the nature or extent of M's injuries at trial.

Further, petitioner provided no explanation as to how M could have suffered a fractured skull,

broken ribs, or a chipped leg bone. Instead, petitioner's defense focused on blaming Nelson for

M's injuries. Tr. 310-14, 317-20. Even if trial counsel had presented expert testimony to counter

the diagnosis of shaken-baby syndrome, such testimony would not have supported his primary

defense theory and would not have diminished evidence of M's injuries or the State's theory of

who caused those injuries.

In sum, petitioner fails to establish ineffectiveness of PCR counsel or a "substantial"

claim of ineffective assistance of trial counsel to warrant an evidentiary hearing and federal

habeas review of a procedurally defaulted claim under the *Martinez* exception. *Dickens*, 740 F.3d at 1322 ("cause and prejudice" hearing on PCR counsel's ineffectiveness requires a showing that the underlying ineffective assistance claim is "substantial").

CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus (#2) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). IT IS SO ORDERED.

DATED this __27th__ day of February, 2017.


_s/Michael J. McShane_____
Michael McShane
United States District Judge